IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ENRICO E. BROWN, | * |  |
|  | * |  |
| v. | * | Civil Action No. 20-cv-1087 |
| PRINCE GEORGES COUNTY DEPARTMENT of CORRECTIONS et al, | * |  |
|  | * |  |
|  | * |  |

\*\*\*

**CASE MANAGEMENT ORDER**

Fed. R. Civ. P. 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Pursuant to that authority, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding" before me, Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all proceedings assigned to me, until and unless expressly superseded. Although this Case Management Order places formal requirements on the manner in which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and allocate the resources of the Court. Nothing herein is intended to modify or abridge any substantive rights of any litigant.  In light of the fact that Plaintiff is self-represented and is incarcerated, this Order has been modified to insure Plaintiff is able to comply without harm to his right of meaningful access to the courts.

A. **Effective Date of Order**

1. This Case Management Order is effective upon filing as to any parties who already have appeared.

2. If this Case Management Order is entered prior to the expedited service of the complaint on Defendants pursuant to *In re State Prisoner Litigation*, Misc. No. 00-308, Administrative Order 2012-01 (D. Md 2012), a copy of this Case Management Order shall be served on Defendants with the complaint as authorized by the standing order and Fed. R. Civ. P. 4(c).

3. The issuance of this Case Management Order does not insure that the complaint will be forwarded to the defendant(s) for a response if after the complaint is screened pursuant to 28 U.S.C.§1915A and §1915(e) it is determined that it fails to state a claim upon which relief may be granted or is otherwise subject to *sua sponte* dismissal.

4. This Case Management Order is effective immediately upon receipt by all parties and respective counsel. Nothing in this Order is to be construed so as to penalize any party who violates the terms of the Order without having received actual notice of its content. *See* Fed. R. Civ. P. 83(b).

**B. Motions Practice**

Unless otherwise required by this Order, all motions filed must comply with the Local Rules of this Court.[1] No memorandum or brief in support of a motion or in opposition to a motion filed by the opposing party may exceed thirty (30) pages unless ordered by this Court on a showing of good cause; no reply memorandum or reply brief may exceed fifteen (15) pages. The page limits stated DO NOT INCLUDE exhibits.

**C. Motions for Summary Judgment or to Dismiss**

1. The Court recognizes that the ordinary practice in prisoner litigation cases is that Defendants file a Motion to Dismiss, or in the Alternative for Summary Judgment,[2] together with supporting exhibits and declarations under oath. Prisoner litigants are not required to reproduce exhibits already filed with the Court in opposition to a Motion for Summary Judgment or to Dismiss. Rather, Plaintiff may simply refer to the exhibit as designated by counsel.

---

[1] Plaintiff may review a copy of the local rules through the prison law library where they are accessed through the Court's website.

[2] In the event Defendants elect to file an Answer as the initial response to the Complaint, the guidelines for Motions to Dismiss or for Summary Judgment still apply. Plaintiff is reminded that no reply is permitted when an Answer is filed in response to the Complaint.

2. To facilitate Plaintiff's Opposition Response, and in recognition that the ordinary time constraints for filing an Opposition Response are difficult for self-represented prisoners to meet, Plaintiff's Opposition Response shall be due 28 days from the date a Motion for Summary Judgment or to Dismiss is filed by Defendants.  **The schedule established in this Order will control, and the parties should disregard any contrary instructions that may be sent by the Office of the Clerk.**

3. Any video evidence submitted by Defendants must be designated as "filed separately" when filed with the Clerk and must be accompanied by a declaration under oath indicating the date, time, and circumstances the video was viewed by Plaintiff.  If Plaintiff has not viewed the video at the time the exhibit it submitted, a declaration under oath indicating when the video was viewed must be filed as soon as practicable following Plaintiff's review of the evidence.  In the event no arrangements can be made for Plaintiff to review the video evidence, the exhibit shall be withdrawn.

4. Any photographic evidence submitted in support of a Motion for Summary Judgment shall be submitted in color in both the electronically filed exhibits and the courtesy copy submitted to the Court.

5. Defendants shall file a Reply Memorandum addressing any additional evidence submitted by Plaintiff which was not addressed in their initial dispositive motion.


<u>April 29, 2020</u>　　　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　United States District Judge